DIXON, Judge.
This case arose out of an intersectional collision at Corbitt Street and Hearne Avenue in Shreveport on December 7, 1966. This suit was consolidated with the case of Traders & General Insurance Company v. Nezat et al., 217 So.2d 204 on the docket of this court, for the purpose of trial.
The accident happened about 6:50 a. m. Plaintiff Mickle was driving a Chevrolet automobile westerly on Corbitt. Defendant Nezat was driving an Oldsmobile northerly on Hearne. Each driver claims to have been favored by the traffic light controlling the intersection. The trial judge held that the plaintiff failed to sustain the burden of proof, and rejected the demands of the plaintiffs in both cases. To tiiis finding, plaintiff Mickle takes exception, contending that Nelson v. Zurich Insurance Company, 247 La. 438, 172 So.2d 70 (1965), compels a different conclusion.
Except for the medical testimony, the only witnesses called were defendant Nezat, *204 plaintiff Mickle, and Officers Blackman and Ballard.
Called on cross-examination, defendant Nezat testified that a block and a half away from the intersection where the accident happened, the light turned green for him; that he was traveling about forty miles per hour; that as he entered the intersection he saw the Chevrolet come out of the “side street”; that from the ensuing collision he suffered a facial injury; that he did not remember precisely what he had told the police officers, but that he did remember telling them that he thought the light was green.
Sgt. Blackman supervised the investigation at the scene of the accident. He said Mr. Nezat seemed to be in a daze, but declined to go to the hospital for an examination. Mr. Ballard was one of the two policemen who actually made the accident report. (The other policeman was not present at the trial.) Mr. Ballard also testified that Nezat had a bloody mouth and seemed “to be in a dazed condition.” Ballard said that Nezat couldn’t “say directly” whether the light was green, but said that “it had to be green because he observed the southbound traffic.”
Plaintiff Mickle, the driver of the Chevrolet, approached the intersection traveling west, and testified that the light was green when he was a little over half a block from the intersection; that he drove to the intersection and “started to stop”; that the light was “still on green and two cars were sitting across the street, so I just picked up and went on. By the time I got out in the street I don’t know what happened.”
There is hardly any other assistance to be obtained from the record upon which a finding can be made concerning the color of the traffic light. Nelson v. Zurich, supra, from which the plaintiff seeks assistance, was a case in which a passenger was injured in an intersectional collision. The trial judge held that, although one of the two defendant drivers must have run a red light, the plaintiff had failed to prove which one, and could not recover because he had not sustained the burden of proof.
The testimony in the Nelson Case was m irreconcilable conflict, and the Court resorted to be an attempted reconciliation of apparent contradictions in testimony, a consideration of the probabilities and improbabilities of the statements of the witnesses in the light of their capacity, opportunity and initiative for observation, to corroboration by established or admitted facts, and, by a careful analysis of the evidence, made a determination that one of the two defendant drivers ran the red light. As we appreciate the holding of the Nelson case, supra, the Court did not intend to change the burden of proof; a plaintiff must prove his case by a preponderance of the evidence.
The trial judge in the instant case was correct'in concluding that the plaintiff did not sustain the burden of proof.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.